Samuel J. Fortier, Esq.
FORTIER & MIKKO, P.C.
101 West Benson, Suite 304
Anchorage, Alaska 99503
Ph: (907) 277-4222
Fax: (907) 277-4221
Email: sfortier@fortmikk.alaska.com
Attorneys for Plaintiff Patricia Schwalenberg

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PATRICIA SCHWALENBERG, PERSONAL REPRESENTATIVE OF THE ESTATE OF KELLY KOMPKOFF<br><br>Plaintiff,<br><br>v.<br><br>LAURINDA VLASOFF, AND THE INDIAN HEALTH SERVICES,<br><br>Defendants. | Case No.: 3:07-cv-_____ |

## COMPLAINT

COMES NOW, Patricia Schwalenberg as Personal Representative of the Estate of Kelly Kompkoff, by and through counsel, and for her complaint, states and alleges as follows:

1. Patricia Schwalenberg is the duly appointed personal representative of the Estate of Kelly Kompkoff and is a resident of the Municipality of Anchorage, State of

Alaska, located in the District of Alaska. Letters of Testamentary are attached hereto.

2. Kelly Kompkoff was a resident of Tatitlek, State of Alaska at the times material hereto, and is an Alaskan Native eligible for medical treatment through the Indian Health Service.

3. Laurinda Vlasoff, at times material hereto, was the Community Health Aid in Tatitlek, Alaska employed by the Indian Health Service through the Alaska Native Tribal Health Consortium ("ANTHC").

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 in that this matter arises under the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq.* Plaintiff has previously sought administrative adjustment of her claims pursuant to 28 U.S.C. Section 2672, as against the Indian Health Services and the agency thereof has not acted upon the claims within six months of filing said claims. Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b).

## FACTS COMMON TO ALL COUNTS

5. Plaintiff states and re-alleges the allegations contained in ¶1 through ¶4 as though fully set forth herein.

6. On the evening of October 21, 2006, Kelly Ann Kompkoff was stabbed several times, including a stab wound to the chest, by her husband Matthew Kompkoff. After the assault, the Tatitlek Clinic was contacted, but the health aid, Laurinda Vlasoff, declined to see Ms. Kompkoff. However Ms. Kompkoff's family took her to the clinic.

7. Upon Kelly Ann Kompkoff arriving at the Tatitlek Clinic, Laurinda Vlasoff

COMPLAINT 2
Patricia Schwalenbergt, PR of the Estate of Kelly Kompkoff v. Laurinda Vlasoff and the Indian Health Services
Case No. 3:07-cv-_____
Case 3:09-cv-00210-SLG   Document 1   Filed 10/20/09   Page 2 of 6

examined her but did not, or failed to record, contact with Alaska Native Medical Center ("ANMC") regarding an assessment of Ms. Kompkoff. Laurinda Vlasoff arranged for boat transport to Valdez but did not inquire about or arrange transport by aircraft to Anchorage where Ms. Kompkoff could be treated by a thorasaic surgeon. After arriving at the Valdez Hospital a medivac flight was then arranged to Anchorage.

8. Kelly Kompkoff died in Valdez Alaska on October 22, 2006 while being transported to the plane that would transport her to Anchorage and a hospital with a thorasaic surgeon. Kelly Kompkoff is survived by her two children: Kristopher Carroll Kompkoff (dob 9/30/1997) and Isaiah P. Kompkoff (dob 12/11/2000).

## FIRST CAUSE OF ACTION (NEGLIGENCE)

9. Plaintiff states and re-alleges the allegations contained in paragraphs 1 through 8 as though fully set forth herein.

10. Laurinda Vlasoff owed a duty to Kelly Kompkoff to timely respond, assess and diagnose her medical condition, follow protocol as set out in the Alaska Community Health Aide/Practitioner Manual ("CHAM") and arrange for transport to a facility that was able to treat her condition.

11. Laurinda Vlasoff failed to assess and diagnose Ms. Kompkoff's condition, failed to follow protocol and failed to evacuate Ms. Kompkoff to a facility that could treat her condition and thereby breached her duties owed to Ms. Kompkoff.

12. As a direct and proximate cause of Laurinda Vlasoff breach of duty to Ms. Kompkoff, Ms. Kompkoff suffered great pain, both physical and mental, prior to her death and upon her death, her children have lost their mother and provider of support

COMPLAINT 3
Patricia Schwalenbergt, PR of the Estate of Kelly Kompkoff v. Laurinda Vlasoff and the Indian Health Services
Case No. 3:07-cv-_____
Case 3:09-cv-00210-SLG    Document 1    Filed 10/20/09    Page 3 of 6

both economically and non-economically.

13. Laurinda Vlasoff individually and her employer, Indian Health Service, pursuant to the doctrine of respondeat superior, are liable to the Estate of Kelly Kompkoff for damages in an amount to be established at trial herein.

## SECOND CAUSE OF ACTION (NEGLIGENCE PER SE)

14. Plaintiff states and re-alleges the allegations contained in paragraphs 1 through 13 as though fully set forth herein.

15. Laurinda Vlasoff, as health aide in the Tatitlek Clinic, was required to follow protocol found in CHAM and other proscribed procedures in treatment of patients.

16. Laurinda Vlasoff failed to comply with the CHAM protocol and other proscribed procedures that are meant to protect the patients, including Kelly Kompkoff, from injury.

17. Kelly Kompkoff, as a patient seeking assistance for a stab wound, was part of the class of people protected by the CHAM protocol and other regulations, and was intended to be protected by the protocol and regulations.

18. As a foreseeable, direct and proximate result of Laurinda Vlasoff's failure to comply with the CHAM protocol and other regulations, Kelly Kompkoff suffered greatly and died on October 22, 2006.

19. Defendants are liable to Plaintiff, individually and pursuant to the doctrine of respondeat superior for the pain and suffering and death of Kelly Kompkoff in an amount as will be established upon the evidence at trial herein.

COMPLAINT 4
Patricia Schwalenbergt, PR of the Estate of Kelly Kompkoff v. Laurinda Vlasoff and the Indian Health Services
Case No. 3:07-cv-_____

Case 3:09-cv-00210-SLG   Document 1   Filed 10/20/09   Page 4 of 6

## THIRD CAUSE OF ACTION (SPOLIATION)

20. Plaintiff states and re-alleges the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

21. Laurinda Vlasoff and Indian Health Service had a duty to complete, process and maintain all medical records in the treatment of Kelly Kompkoff on October 21-22, 2006.

22. Laurinda Vlasoff and the Indian Health Service failed to complete, process and maintain all medical records in the treatment of Kelly Kompkoff on October 21-22, 2006 and breached their duties to Kelly Kompkoff.

23. Defendants are liable to Plaintiff for their failure to complete, process and maintain all medical records in the treatment of Kelly Kompkoff on October 21-22, 2006.

WHEREFORE, Plaintiff prays for relief as follows:

1. For a money judgment against the defendants and each of them in an amount to be established upon the evidence at trial herein for the prolonged pain, suffering and then death of Kelly Kompkoff and the loss to her children of their mother and provider.

2. For Plaintiff's costs, interests and attorney's fees;

3. For such other and further relief as the court deems just and equitable in the premises.

COMPLAINT
Patricia Schwalenbergt, PR of the Estate of Kelly Kompkoff v. Laurinda Vlasoff and the Indian Health Services
Case No. 3:07-cv-_____
5

Case 3:09-cv-00210-SLG   Document 1   Filed 10/20/09   Page 5 of 6

Respectfully submitted this 19th day of October, 2009 at Anchorage, Alaska.

> FORTIER & MIKKO, P.C.
> Attorneys for Plaintiff

> By: /s/Samuel J. Fortier
> Samuel J. Fortier, Esq.
> FORTIER & MIKKO, P.C.
> 101 West Benson, Suite 304
> Anchorage, Alaska 99503
> Ph: (907) 277-4222
> Fax: (907) 277-4221
> Email: sfortier@fortmikk.alaska.com
> Alaska Bar No. 8211115

COMPLAINT
Patricia Schwalenbergt, PR of the Estate of Kelly Kompkoff v. Laurinda Vlasoff and the Indian Health Services
Case No. 3:07-cv-_____

6

Case 3:09-cv-00210-SLG   Document 1   Filed 10/20/09   Page 6 of 6