KAREN L. LOEFFLER
United States Attorney

MARY B. PINKEL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
mary.pinkel@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PATRICIA SCHWALENBERG, PERSONAL REPRESENTATIVE OF THE ESTATE OF KELLY KOMPKOFF, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. <br><br><br> UNITED STATES OF AMERICA, <br><br> Third-party plaintiff <br><br><br> vs. <br><br> MATTHEW KOMPKOFF, <br><br> Third-party defendant. | Case No. 3:09-cv-00210 JWS <br><br> **ANSWER AND THIRD PARTY COMPLAINT** |

The United States of America, through counsel and pursuant to Rules 12 and 14 (a), Fed. R. Civ. P., submits this Answer and Third Party Complaint as follows:

1. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 1 concerning Plaintiff's residence, and therefore denies the same. The remaining allegations contained in Paragraph 1 state a legal conclusion to which no response is denied.

2. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 2 and therefore denies the same.

3. Defendant admits only that Laurinda Vlasoff was employed by Chugachmiut as a Community Health Aide, that she provided services at the Tatitlek Health Clinic pursuant to her employment with Chugachmiut, and that she was deemed an employee of the Public Health Service covered by the Federal Tort Claims Act at all times relevant to the complaint. All other allegations are denied.

**JURISDICTION AND VENUE**

4. Defendant admits only that Plaintiff filed an administrative tort claim with the United States Department of Health and Human Services ("HHS") on October 20, 2008, and that the HHS had not yet acted upon Plaintiff's claims as of the filing date of this complaint. The remaining allegations contained in Paragraph 4 amount to a legal conclusion to which no response is required.

## FACTS COMMON TO ALL COUNTS

5. Defendant incorporates by reference its responses to Paragraphs 1 through 4.

6. Defendant admits only that on October 21, 2006, Matthew Kompkoff stabbed Kelly Kompkoff and that Kelly Kompkoff was taken to the Tatitlek Health Clinic for care on that same date. All other allegations are denied.

7. Defendant admits only that on October 22, 2006, providers at Providence Valdez Medical Center arranged for a medevac flight to Alaska Native Medical Center for Kelly Kompkoff. Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 7 and therefore denies the same.

8. Defendant admits only that Kelly Kompkoff died on October 22, 2006. Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 8 and therefore denies the same.

## FIRST CAUSE OF ACTION (NEGLIGENCE)

9. Defendant incorporates by reference its responses to Paragraphs 1 through 8.

10. The allegations contained in Paragraph 10 state a legal conclusion to which no response is required.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

## SECOND CAUSE OF ACTION (NEGLIGENCE PER SE)

14. Defendant incorporates by reference its responses to Paragraphs 1 through 13.

Schwalenberg v. United States of America
Case No.3:09-cv-00210-JWS                    3

15. Paragraph 15 states a legal conclusion to which no response is required.

16. Defendant denies the allegations contained in Paragraph 16.

17. Paragraph 17 states a legal conclusion to which no response is required.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

### THIRD CAUSE OF ACTION (SPOLIATION)

20. Defendant incorporates by reference its responses to Paragraphs 1 through 19.

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.


Wherefore, Defendant, United States of America, respectfully requests that the Court dismiss the complaint with prejudice and enter judgment in its favor.


### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. To the extent that any injuries and/or damages alleged in the Complaint were not caused by a negligent act or omission of an employee of the United States, acting within the scope of his employment, Plaintiff is not entitled to recovery from the United States.

3. Plaintiff's damages and recovery, if any, are subject to and limited by

the provisions of Alaska statutory and common law, including AS 09.17.010 to AS 09.17.900 and AS 09.55.540 to AS 09.55.549, to the extent that these provisions are not inconsistent with federal law or the Federal Tort Claims Act.

4. To the extent Plaintiff's Complaint raises injury or damages claims or claims of negligence that were not raised in the administrative claim, the Complaint is barred under 28 U.S.C. § 2675.

5. To the extent allowed under federal and Alaska law, including AS 09.55.548, the United States is entitled to a credit or offset for any benefits paid for or payable by, in whole or in part, state or federal government programs not subject to subrogation. The amount of damages awarded in this action, if any, should be reduced accordingly.

6. Pursuant to 28 U.S.C. § 2674, Plaintiff is not entitled to recovery of pre-judgment interest on any damages awarded.

7. Plaintiff may not seek or recover punitive damages against the United States under 28 U.S.C. § 2674.

8. Attorney fees are only recoverable as part of a judgment and not in addition thereto. 28 U.S.C. § 2678.

9. To the extent that Plaintiff's injuries, if any, were caused in whole or in part by the acts or omissions of other persons or entities, including Matthew Kompkoff and other individuals, fault and damages should be apportioned accordingly.

10. To the extent that Plaintiff's injuries are the result of pre-existing medical and/or emotional conditions or otherwise were not caused by the Defendant in this action, Plaintiff's damages should be apportioned accordingly.

11. Plaintiff's damages and recovery, if any, are subject to and limited by the legal duty that Plaintiff reasonably mitigates her damages.

12. Defendant asserts that it has, or may have, additional affirmative defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, Defendant generally denies that Plaintiff is entitled to any recovery, and Defendant requests that Plaintiff's Complaint be dismissed, that judgment be entered in favor of Defendant, and that the Court award Defendant costs and such other relief to which it is entitled.

## THIRD-PARTY COMPLAINT

The Defendant, pursuant to Fed. R. Civ. Proc. 14(a), alleges a Third-Party claim against Matthew Kompkoff as follows:

1. Plaintiff has filed the underlying action against Defendants Laurinda Vlasoff and the Indian Health Service and allege that Ms. Vlasoff, a Community Health Aide at Tatitlek Health Clinic, failed to properly treat Kelly Kompkoff for the stabbing wounds inflicted upon her by her husband Matthew Kompkoff and that she negligently failed to arrange for medical transport of Kelly Kompkoff to Anchorage from Tatitlek.

2. Third-Party Defendant Matthew Kompkoff was negligent, reckless and/or otherwise engaged in culpable conduct, as defined in AS 09.17.900. This culpable conduct included, without limitation, his alleged or reported criminal conduct in stabbing Kelly Kompkoff, which resulted in her eventual death.

3. To the extent that it is determined that Matthew Kompkoff's conduct was a legal cause, in whole or in part, of Plaintiff's alleged injuries and damages, then the Third-Party Plaintiff is not liable and/or it is entitled to apportionment of fault and damages as to Matthew Kompkoff, pursuant to AS 09.17.080.  Plaintiff's damages and recovery, if any, should be denied or reduced accordingly.

Wherefore, the Third-Party Plaintiff requests the following relief against Matthew Kompkoff:

1. That the Third-Party Plaintiff is entitled to assert claims for apportionment of fault and damages against Matthew Kompkoff pursuant to AS 09.17.080.

2. To the extent that Plaintiff's alleged injuries and damages are determined to have been legally caused, in whole or in part, by Matthew Kompkoff, the Third-Party Plaintiff is not liable and/or it is entitled to apportionment of fault and damages as to Matthew Kompkoff.

3. Plaintiff's damages and recovery, if any, should be denied or reduced accordingly.

4. Such other relief to which the Court deems they are entitled.

RESPECTFULLY SUBMITTED, January 4, 2010, in Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

 s/ Mary Pinkel
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3388
Fax: (907) 271-2344
E-mail: mary.pinkel@usdoj.gov
AK # 8505030

**CERTIFICATE OF SERVICE**
I hereby certify that on January 4, 2010,
a copy of the foregoing, **ANSWER AND**
**THIRD-PARTY COMPLAINT**
was served electronically on:

 Samuel J. Fortier, Esq.
s/ Mary B. Pinkel